JENKS, P. J., HIRSCHBERG, BURR and THOMAS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and matter remitted to the commissioners, in accordance with opinion. Order to be settled before Mr. Justice CARR.

---

In the Matter of the Probate of the Last Will and Testament of ROBERT H. THOMPSON, Deceased.

J. LINTON THOMPSON and Others, Appellants; MABELLE AMES THOMPSON, Respondent.

Second Department, October 27, 1911.

Will — undue influence — belief in spiritualism — jury trial — failure to provide for wife.

A will should not be refused probate because the testator at about the time it was executed was interested in spiritualism and attempted, through an adopted daughter, to communicate with the spirit of his first wife, who had died about a year before, and had the communications received written down in a book, where it appears that the plan of the will had been formulated sometime before the alleged communica-

tions; that when the will was executed the testator was of sound and disposing mind and memory; that he did not regard the spiritualistic communications, which had nothing to do with the disposition of his property, as of divine origin, and where it is conceded that the will expressed his wishes at the time it was executed.

Such will should not be refused probate at the suit of a wife whom the testator married two years after its execution and but four months before his death on the ground that it contained no provision for her.

Evidence examined, and *held*, that a decree denying probate on the ground that there was a conspiracy between the adopted children of the deceased and that their acts were fraudulent and constituted undue influence should be reversed and the issues tried by a jury.

APPEAL by J. Linton Thompson and others, the executors and residuary legatees named in the will, from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 26th day of January, 1911, denying probate to an instrument purporting to be the last will and testament of Robert H. Thompson, deceased.

*John J. Crawford* and *Charles F. Brown*, for the appellants.

*Jesse Fuller, Jr.*, for the respondent.

RICH, J.:

This is an appeal from a decision of the surrogate of Kings county denying probate to an instrument offered as the last will and testament of Robert H. Thompson, deceased. The appellants are the son and two grandchildren and adopted children of the deceased. On February 14, 1910, the deceased married the respondent, who had for several years been in the employ of a corporation of which he was the president. A former wife of the deceased died sometime prior to the 19th day of June, 1908, the time when the instrument offered for probate was executed. It appears that the deceased was interested in spiritualism, and about a year after his wife's death commenced to urge his adopted daughter to see if she could not get in communication with the spirit of his deceased wife. She testifies that at the repeated solicitation of her grandfather she would put her mind in a passive state, the deceased would ask questions of his deceased wife, and if the daughter had an impression indicating to her mind an answer to such questions she

would write it out and give it to him. Quite a number of these writings the deceased caused to be copied in a book, and they, with others, were introduced in evidence upon the hearing. The learned surrogate has found, and the finding is predicated upon these writings, that there was a conspiracy between the adopted children of the deceased, and that their acts were fraudulent and constituted undue influence; that the instrument offered for probate was the product of such conspiracy, fraud and undue influence, and was void. It is clearly established that the deceased had formulated his plans for the disposition of his estate some time before the alleged communications, and had executed the will in question. It is not contended that he was not of sound and disposing mind and memory when his will was executed; upon the contrary, it is stipulated that he "retained his faculties for business, and that these faculties were good" up to and beyond the time he executed his will, and the learned surrogate announced near the close of the testimony: "I shall find that the decedent was in the maturity of his powers as a good, strong business man, and in the absence of any proof to the contrary I shall find that he maintained those powers which he had as to the ordinary affairs of life." I am unable to find anything in the evidence warranting the conclusion that the communications to the deceased had any influence upon the testator in making his will. He does not seem to have regarded such communications as of a divine origin, because in many cases where the language did not please him he changed it to conform to his views before having it copied. There is no reference in any of the communications to the respondent, and there are but two expressions that can by the wildest stretch of imagination be said to furnish any basis for her contention. One is that the testator should not marry again. Concededly he was not influenced by this, because he did marry. And the other is that, if he was going to marry, he should provide for the children first. There is no evidence that deceased contemplated marriage when the will was executed. It is not intimated that the will does not express the true intent of the testator towards his children and blood relatives at the time it was executed, or that they were not then the natural and exclusive objects of his affection and

testamentary duty and intent, and the sole ground upon which the will is challenged is that it contains no provision for the woman whom the testator married nearly two years after its execution. She had been his wife but four months and eleven days when he died. It seems to me that there is an entire failure of proof on the part of the contestant, and that the decree of the surrogate ought to be reversed, and the issues ordered to be tried by a jury, with costs of the appeal to abide the event of the new trial, payable out of the estate.

JENKS, P. J., HIRSCHBERG, BURR and WOODWARD, JJ., concurred.

Decree of the Surrogate's Court of Kings county reversed, and issues ordered to be tried by a jury, costs of the appeal to abide the event of the new trial, payable out of the estate. Order to be settled on notice before the presiding justice.